UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------o
James S. Hawkins-El III and Valerie Gaston,

                Plaintiffs,

   - Against -

AIG FEDERAL SAVINGS BANK,

                Defendant.
-----------------------------------------------------------o

COMPLAINT

CV 05 3222

IRIZARRY, J.

BLOOM, M.J.

1. At all times hereinafter the People: plaintiffs James S. Hawkins-El III and Valerie Gaston were and still are domiciled in the United States of America, namely the State of New York, legally residing at 159 Bch 97th St. Rockaway Bch, Queens, New York.

2. Defendant, AIG FEDERAL SAVINGS BANK, is a corporation located at One Alicio Plaza, 600 King Street Wilmington, DE 19801-000.

3. The jurisdiction of this court is invoked pursuant to Diversity of Citizenship, 28 U.S.C. 1332.

4. On July 2, 2004, the plaintiffs went, as scheduled by Larry Ganca, Sr. Loan Officer/BLS FUNDING, to the plaintiffs mortgage loan closing (refinance) at the offices of BLS FUNDING 125 Jericho Turnpike, NY. Agent for the defendant Michael Lowitt was the closing attorney. Larry Ganca/Sr Loan Officer was also present throughout the loan closing.

5. The plaintiffs had begun the process of signing the necessary documents to close the loan, and were abruptly stopped by the defendants' agent Michael Lowitt, who took the few (4-5) documents the plaintiffs had indorsed to be examined by the defendants' agent Corey M. Gindi, who then came into the conference room and stated that the contract could not be entered into with the remedy ("All rights reserved") we had placed above our signatures.

6. The plaintiffs respectfully requested from the defendants' agent, Corey M. Gindi, a Lawful reason as to why the plaintiffs were being prohibited from that which the Law allows. The defendants' agent, Corey M. Gindy, replied because "The Bank" would not accept it.

7. The plaintiffs asked the defendants' agent, Corey M. Gindi, how he knew the "Bank" (AIG FSB) would not accepted the loan if plaintiffs remedied their signatures with the words "All Rights Reserved". The agent Corey M. Gindi said, because he was the "Bank" ("I am The Bank"). The plaintiffs mention in response the UCC 1-207, and repeatedly told the defendants' agent, Corey M. Gindi, that he was Impairing the Obligation of Contract (U.S. Constitution Law: Article 1 Sec 10 para. 1 "No state shall pass any Law impairing the obligation of contracts") by his actions. Defendants' agent, Corey M. Gindi, said he didn't know what the plaintiffs were talking about.

8. The plaintiffs stated to the defendants' agent, Corey M. Gindi, that the plaintiffs were merely exercising a right protected by Law, to reserve the plaintiffs rights upon entering the loan contract. To which the defendants' agent, Corey M. Gindi, responded: "What rights?, You don't have any rights."

9. Agent Corey M. Gindi stated emphatically, that the loan would be signed the his way or no way ("It will be signed my way or no way").

10. The plaintiffs, after going back and forth for some time in a very heated and high tensioned argument with the defendants' agent, Corey M. Gindi, finally acquiesced under the extreme pressure and duress of the defendants', agent Corey M. Gindi, threatening to pull out of the loan closing if the plaintiffs insisted on placing the remedy "All Rights Reserved" above the plaintiffs signature upon entering the loan contract.

11. Defendants' agent Michael Lowitt sat in silent acceptance of all that went on during the

entire loan closing, giving credence to what was being stated by defendants' agent Corey M. Gindi.

12. Subsequently on 7/4/04 the plaintiffs sent notification of defendants' agent Corey M.. Gindi's actions to David Brown, Pres. Of BLS FUNDING/Premium Capitol Funding. The letter states, in part, "I reminded Mr. Gindi repeatedly, in the present of Larry Ganca/Sr Loan Officer, that he was impairing the obligation of the loan contract by disallowing the People to reserve our rights when signing all the legal documents necessary to loan A4070096. "Mr. Gindi said that all documents would be signed his way or no way". Copies were also sent to Corey M. Gindi and Larry Ganca. Both sent no reply.

13. 8/3/04, Audra Hornig, General Counsel of BLS FUNDING/Premium Capitol Funding, sent a letter in response to the plaintiffs 7/4/04 letter, denying any wrong doing on the part of Premium Capitol Funding. Writing, in part, "We neither allowed nor hindered your ability to sign the documents in the way you would have liked".

14. 8/20/04, a letter was sent by the plaintiffs to Robert W. Pierce, Pres./CEO, AIG Federal Savings Bank questioning the validity of agent Corey M. Gindis' statements made at the 7/2/04 loan closing. Such as, "I am the Bank; It will be signed my way or no way; what rights?, you don't have any rights; the Bank will not accept mortgage loan no. A4070096 if it was signed and All Rights were reserved by the applicants." Copies were also sent to agent Corey M. Gindi and Wilmington Finance /Legal Dept. Both sent no reply.

15. 12/10/04, Carl Lutz, VP of Mortgage Services, Wilmington Finance, a divison of AIG Federal Savings Bank, sent a reply to the plaintiffs 8/20/04 letter to Robert W. Pierce, Pres./CEO, AIG Federal Savings Bank. Which states, in part, that the defendants' agent Corey M. Gindi "is required to close loans pursuant to instructions provided by AIG FSB; closing agents are not

permitted to deviate from the closing instructions; we infer from the fact that you closed your mortgage loan, that you were agreeable to the terms as well."

16. 12/19/04, the plaintiffs sent a letter in reply to Carl Lutzs' 12/10/04 letter, in which the plaintiffs plainly state, in part, "I find the terms of the loan agreement Unacceptable, Illegal and Unlawful. No instruction requirement, although lacking contemplation of that which is afforded and guaranteed by Law, has the power or authority to excuse or exempt an attorney from his oaths and obligations to uphold the Constitution of the state in which he practices. That which is Lawful remains Lawful contemplated or not." Carl Lutz sent no reply. A copy was also sent to Robert W. Pierce, Pres./CEO, AIG Federal Savings Bank, who also sent no reply.

17. 1/21/05, a letter was sent by the plaintiffs to Audra Hornig, General Counsel, BLS FUNDING/Premium Capitol Funding, David Brown, Pres. BLS FUNDING/Premium Capitol Funding, agent Corey M. Gindi, and agent Michael Lowitt, informing them of the contents of the 12/10/04 letter sent to the plaintiffs. None sent a reply.

18. 2/21/05, the plaintiffs sent a Final Notice to Robert W. Pierce, Pres./CEO, AIG Federal Savings Bank, informing him, in part, that "A burden of absolute necessity to make inquiry into wrongful/unlawful acts committed by an agent is squarely placed upon the principal for whom that agent represents, when Notice of such wrongful/unlawful acts is received by said principal. What action on the part of AIG FSB will be undertaken to bring this matter back to the table to be Fully and Completely Remedied?" Robert W. Pierce sent no reply. Copies were also sent to Carl Lutz, VP Mortgage Services, David Brown, Pres. BLS FUNDING/Premium Capitol Funding, agent Corey M. Gindi and agent Michael Lowitt. None sent a reply.

19. Defendants' agent Corey M. Gindi while under the instruction and direction of AIG Federal Savings Bank, did  prohibited the plaintiffs the right to remedy plaintiffs' signatures with the

words "All Rights Reserved" above our signatures.

20. Defendants' agent Corey M. Gindi while representing AIG Federal Savings Bank admitted an issue was raised at closing that he had no knowledge of pursuant to the impairing the obligation of contract (L-6), and yet made a decision for the "Bank" none the less.

21. Defendants' agent, Corey M. Gindi, while under the instruction and by authority of AIG Federal Savings Bank, treated the plaintiffs with utter disrespect. The plaintiffs will not soon forget the acidic tone and arrogant demeanor of agent Corey M. Gindi, who showed no regard for the plaintiffs Rights, Professionalism, or the Law. Agent Corey M. Gindi has caused the plaintiffs tremendous Pain and Suffering, having treated the plaintiffs as though the plaintiffs were an inferior class of persons with no Rights whatsoever he was bound to respect.

22. 3/14/05, the plaintiffs filed a complaint against Corey M. Gindi and Mickey (Michael) Lowitt in the Supreme Court of the State of New York. The Honorable, Peter J. O'donoghue, Justice states, "It is clear in this action that defendants represented the bank with whom plaintiffs obtained a mortgage-refinancing." The claim alleged, in part, that Corey M. Gindi fraudulently asserted that he was the "Bank" and that he was the first and final word on the issue of the plaintiffs reserving their Rights, by placing the words "All Rights Reserved" above the plaintiffs signature, upon entering the loan contract.

23. Defendants' agent Corey M. Gindi submitted an affidavit, 4/7/05, stating clearly that his and Mickey (Michael) Lowitts' actions were directed by AIG Federal Savings Bank. Agent Corey M. Gindi states in the affidavit "The firm, Mr. Lowitt and I had to insist the documents be executed as Directed by our client or the closing could not proceed."

24. Defendants' agent's attorney, Domingo R. Gallardo, in Affirmation and Support ,4/8/05, states, "Mr. Gindi and Mr. Lowitt cannot be held liable for following the Bank's instruction with

respect to the sufficiency of the signature on the loan document."

25. By reason of the facts and circumstances stated above, the defendant have infringed upon the Rights of the plaintiffs, and done so in a totally reprehensible manner causing the plaintiffs immense pain and suffering.

26. By reason of the facts and circumstances stated above, the plaintiffs rights have been damaged by the defendant in the sum of $ 5,000,000.00 lawful money, additionally the plaintiffs persons have been damaged in the sum of $ 1,000,000.00 lawful money.

27. Wherefore, the plaintiffs demand judgement against defendant in the sum of $6,000,000.00 in lawful money, cost and disbursements, together with any other relief the court finds to be just and proper.

"All Rights Reserved"

The People : _____
James S. Hawkins-El    Valerie Gaston

7/4/05

159 Bch 97th St.
Rockaway Bch, NY 11693
718-945-6516