# PITNEY HARDIN LLP

MARC A. MEYER

---

DIRECT DIAL NUMBER
(973) 966-8156

E-MAIL
MMEYER@PITNEYHARDIN.COM

7 TIMES SQUARE
NEW YORK, NEW YORK 10036-7311
(212) 297-5800
FACSIMILE (212) 916-2940

MORRISTOWN, NEW JERSEY
(973) 966-6300
FACSIMILE (973) 966-1015

BRUSSELS, BELGIUM
32-02-514-54-19
FACSIMILE 32-02-514-16-59

July 26, 2005

VIA UPS OVERNIGHT

Honorable Dora L. Irizarry, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   James S. Hawkins-El III, *et al.* v. AIG Federal Savings Bank
      Civil Action No.: 05 CV 3222

Dear Judge Irizarry:

We submit this letter on behalf of defendant AIG Federal Savings Bank ("AIG") to request a pre-motion conference. AIG received *pro se* plaintiffs' Complaint on or about July 7, 2005. In lieu of an Answer, AIG electronically filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) on July 26, 2005 and served the requisite copies on plaintiffs.

AIG respectfully moves this Court to dismiss plaintiffs' complaint as the pleading fails to state a claim upon which relief can be granted. The complaint seeks $5 million in damages for alleged violations of plantiffs' purported rights under Article 1 of the Uniform Commercial Code ("U.C.C.") and under Article 1 of the United States Constitution ("Contracts Clause"). Plaintiffs further seek $1 million for alleged pain and suffering.

Plaintiffs claim that their supposed rights were violated on July 2, 2004 during a mortgage refinancing with AIG, when AIG agents would not accept a loan document with the handwritten clause "All Rights Reserved" above plaintiffs' signatures. Significantly, the modification was removed from the document and the closing proceeded as planned.

AIG now respectfully moves the Court to dismiss this action for plaintiffs' failure to state a claim upon which relief can be granted. Neither Article 1 of the U.C.C., nor the Contracts Clause of the United States Constitution applies to a real estate mortgage refinancing

PITNEY HARDIN LLP

Honorable Dora L. Irizarry, U.S.D.J.
July 26, 2005
Page 2

amongst non-State actors. Moreover, plaintiffs fail to raise any tort claims to which pain and suffering would apply as an appropriate remedy. Plaintiffs were neither hindered from, nor forced into closing on July 2, 2004. Consequently, plaintiffs continued to reap the benefits of the refinancing for five months before first objecting to the terms of the agreement.

Based on the foregoing, defendant AIG respectfully requests the opportunity to discuss the above-referenced motion in conference at the Court's convenience.

Thank you for your attention to this matter.

Respectfully submitted,

MARC A. MEYER

MAM

cc: Honorable Lois Bloom, U.S.M.J.
James S. Hawkins-El III and Valerie Gaston