UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------

| | |
|---|---|
| JAMES S. HAWKINS-EL III and VALERIE GASTON, | Civil Action No. CV-05-3222 (LB)(DLI) |
| Plaintiffs, | |
| v. | **(Returnable September 8, 2005)** |
| AIG FEDERAL SAVINGS BANK, | **Document Electronically Filed** |
| Defendant. | **Served July 26, 2005** |

-------------------------------------------------

**MEMORANDUM OF LAW ON BEHALF OF DEFENDANT AIG FEDERAL SAVINGS BANK IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Marc A. Meyer (MM-4928)
PITNEY HARDIN LLP
7 Times Square
New York, New York 10036-7311
(212) 297-5800

Attorneys for Defendant
AIG Federal Savings Bank

Of Counsel: Joy Harmon Sperling

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................ ii

PRELIMINARY STATEMENT ........................................ 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY .................... 3

ARGUMENT .................................................... 5

  POINT I
     PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO
     STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ......... 5

  POINT II
     PLAINTIFFS HAVE NOT STATED A VIABLE CLAIM UNDER THE
     CONTRACTS CLAUSE OF THE UNITED STATES CONSTITUTION ..... 6

  POINT III
     PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER SECTION
     1-207 OF THE UNIFORM COMMERCIAL CODE .................... 9

  POINT IV
     PLAINTIFFS ARE NOT LEGALLY ENTITLED TO PAIN AND
     SUFFERING DAMAGES FOR THE CLAIMS THEY HAVE ASSERTED ...12

CONCLUSION ................................................. 13

# **TABLE OF AUTHORITIES**

## **CASES**

*American Manufacturers Mutual Insurance Co. v. Sullivan,*
    526 U.S. 40 (1999) ................................7

*Ayer v. Sky Club, Inc.,*
    418 N.Y.S.2d 57 (N.Y. App. Div. 1979) ............11

*Blum v. Yaretsky,*
    457 U.S. 991 (1982) ..............................7

*Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288 (2001) ................7

*Canusa Corp. v. A & R Lobosco Inc.,*
    986 F. Supp. 723 (E.D.N.Y 1997) .................11

*Century 21 Kaaterskill Realty v. Savino,*
    508 N.Y.S.2d 99 (N.Y. App. Div. 1986) ...........11

*Conley v. Gibson,*
    355 U.S. 41 (1957) ...............................5

*Cranley v. National Life Insurance Co. of VT,*
    318 F.3d 105 (2d Cir. 2003) ......................8

*Goldman v. Belden,*
    754 F.2d 1059 (2d Cir. 1985) .....................5

*Hawkins-El v. Gindi,*
    Index No. 5680/05 (N.Y. Sup. Ct. 2005) ...........4

*Kroulee Corp. v. A. Klein & Co.,*
    426 N.Y.S.2d 206 (N.Y. Sp. Term Queens 1980) ....11

*Leeds v. Meltz,*
    85 F.3d 51 (2d Cir. 1996) ........................5

*Ostrer v. Aronwald,*
    567 F.2d 551 (2d Cir. 1977) ......................5

*Scott v. Keycorp.*,
  669 N.Y.S.2d 76 (N.Y. App. Div. 1998) ..............12

*United States v. International Brotherhood of Teamsters*,
  941 F.2d 1292 (2d Cir. 1991) .......................7

**STATUTES**

12 C.F.R. § 226.15 ....................................6

Fed. R. Civ. P. 12(b)(6) ............................1, 4

U.C.C. § 1-207 cmt. (1990) .............1, 4, 9, 10, 11

U.C.C. § 1-308 (2005) ..........................1, 9, 10

U.C.C. § 1-308 cmt. 1 (2005) ........................10

U.C.C. § 1-308 cmt. 2 (2005) ........................10

U.C.C. § 9-109(d)(11) (2005) .........................9

U.S. Const. art. I, § 10 .............................6

N.Y. Uniform Commercial Code Law § 1-207
(McKinney 1997) ..................................9, 11

**PRELIMINARY STATEMENT**

This case arises out of a mortgage refinancing wherein plaintiffs James S. Hawkins-El III and Valerie Gaston ("Plaintiffs") attempted to modify the terms of certain loan documents at a closing by inserting the phrase "All rights reserved" above their signatures. Plaintiffs contend that the closing agents for Defendant, AIG Federal Saving Bank ("AIG"), refused to consummate the transaction with Plaintiffs' eleventh-hour modifications. Notwithstanding the refusal, Plaintiffs thereafter voluntarily agreed to complete the closing without their attempted contract modification.

Plaintiffs now contend that AIG: (1) violated Plaintiffs' constitutional rights under the Contracts Clause of the United States Constitution; (2) violated Plaintiffs' rights under Section 1-207 (now Section 1-308) of the Uniform Commercial Code; and (3) caused Plaintiffs pain and suffering. Plaintiffs seek $5 million in damages to their "rights" and $1 million for their purported pain and suffering.

As set forth below, Plaintiffs' Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed pursuant to FED. R. CIV. P. 12(b)(6). Plaintiffs have neither stated any cognizable cause of action

1

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On July 2, 2004, Plaintiffs refinanced their home loan by executing a promissory note and mortgage in favor of AIG. *See* Complaint, ¶ 2. Plaintiffs allege that they attempted to modify the contract language with handwritten changes at the closing by writing "All rights reserved" above their signatures on the loan documents, which modifications to the loan documents AIG, through its closing agents, refused to accept. *Id.* at ¶¶ 5-10. Plaintiffs elected to proceed with the closing by executing the loan documents without the language they attempted to insert. *Id.* at ¶ 10.

After the closing, Plaintiffs wrote to AIG complaining about AIG's refusal to accept Plaintiffs' modifications to the contract terms and asking for the legal support for AIG's and the closing attorney's position in not allowing the modification. *Id.* at ¶¶ 13-14. AIG advised Plaintiffs that the loan was closed in accordance with AIG's closing instructions, and that Plaintiffs' execution of the loan documents without modification represents Plaintiffs' agreement to the terms contained therein. *Id.* at ¶15.

By letter dated December 19, 2004, sent nearly five months after the closing, Plaintiffs indicated to AIG that the terms of the loan were "Unacceptable, Illegal and Unlawful."

3

*Id.* at ¶ 16.  The Complaint does not allege, however, that Plaintiffs sought to rescind the loan at any time due to their purported disagreement with the contract terms.

When Plaintiffs failed to receive what they considered to be a satisfactory response, they filed a complaint for legal malpractice in the New York Supreme Court against AIG's closing attorneys on March 14, 2005. *Id.* at ¶ 22.  On motion by the closing attorneys, which was unopposed by Plaintiffs, the New York Supreme Court dismissed Plaintiffs' action finding that Plaintiffs had failed to set forth a legally cognizable cause of action for damages. *Hawkins-El v. Gindi*, Index No. 5680/05, New York Supreme Court - Queens County (June 14, 2005).

On July 6, 2005, Plaintiffs filed the present action against AIG alleging that AIG violated Plaintiffs' rights under the Contracts Clause of the United States Constitution and under § 1-207 of the Uniform Commercial Code, seeking $5 million in damages. *Id.* at ¶¶ 25-26.  Plaintiffs also seek $1 million for pain and suffering.  *Id.* at ¶¶ 21 and 26.

AIG now moves to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6) for the Plaintiffs' failure to state any claim under which this Court may grant Plaintiffs relief against AIG.

4

**ARGUMENT**

**POINT I**

**PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

A motion to dismiss for failure to state a claim should be granted when, as in this case, it appears "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir. 1985) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While it is well-settled that the Court must accept the factual allegations of the Complaint as true, *see Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996), vague and conclusory allegations are not sufficient to withstand a motion to dismiss. *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977).

In this case, Plaintiffs have failed to set forth any viable claims against AIG. Plaintiffs also have not alleged that they suffered any actual damages as a result of their inability to change the loan documents by including the language they wanted to insert above their signatures. Accordingly, the Complaint should be dismissed.

## POINT II

## PLAINTIFFS HAVE NOT STATED A VIABLE CLAIM UNDER THE CONTRACTS CLAUSE OF THE UNITED STATES CONSTITUTION.

Plaintiffs contend that AIG impaired their "Obligation of Contract" under Article 1, Section 10, paragraph 1 of the United States Constitution. *See* Complaint, ¶ 7. The Contracts Clause of Article 1, Section 10 prohibits States from passing laws that impair the obligations of contracts. U.S. CONST. art. I, § 10.

Neither the Contracts Clause nor any other constitutional clause requires a private party to enter into a contract against its will. Therefore, AIG was under no legal obligation to accept Plaintiffs' proposed modifications to the loan documents. Similarly, Plaintiffs were not obligated to complete the closing if they were dissatisfied with the terms. Plaintiffs could have simply walked away and refinanced through a different lender. Plaintiffs also could have rescinded the contract for up to three days after the closing pursuant to 12 C.F.R. § 226.15, but failed to exercise that right.

Moreover, the Contracts Clause does not regulate the conduct of private parties such as AIG. Instead, it limits

the ability of _State governments_ to pass laws regarding contracts. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *United States v. International Brotherhood of Teamsters,* 941 F.2d 1292, 1295 (2d Cir. 1991).

To state a cognizable claim under the Contracts Clause, Plaintiffs would have needed to allege both (1) that the conduct of AIG is fairly attributable to the State through an exercise of some right or privilege created by the State or imposed by the State, and (2) that the conduct was performed by a person acting on behalf of the State. *American Manufacturers Mutual Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) (citation omitted). The actions of a private entity can only be attributable to a State when a "close nexus" exists between the State and the challenged action. *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n,* 531 U.S. 288, 295 (2001)(citation omitted). For a close nexus to exist, the State must be actually responsible for the specific conduct of the private entity. *Blum v. Yaretsky,* 457 U.S. 991, 1004 (1982). A private entity's creation, funding, licensing or regulation by the State is not sufficient to

7

create a close nexus between the entity and the State. *Cranley v. National Life Ins. Co. of VT*, 318 F.3d 105, 112 (2d Cir. 2003) (citations omitted). Similarly, a private entity's conduct which is merely permitted, approved or acquiesced, rather than compelled, by the State is similarly insufficient to create a close nexus. *Id.* (citation omitted).

Plaintiffs have failed to allege any basis upon which AIG's conduct could be construed as "state action" necessary to assert a violation of the Contracts Clause by AIG. On the contrary, the Complaint clearly alleges that AIG is a corporation, not a government entity. *See* Complaint, ¶ 2. Importantly, Plaintiffs do not allege anywhere in the Complaint that AIG's conduct is fairly attributable to the State, nor do Plaintiffs have a basis to so assert. Simply put, the mortgage refinancing was a transaction between two private parties. *Id.* at ¶ 4.

Furthermore, Plaintiffs have not alleged that they suffered any actual harm by AIG's purported refusal to accept their proposed changes to the contract. Instead, they seek pain and suffering damages that are clearly not appropriate under New York law.

Because Plaintiffs do not have a cognizable claim against AIG under the Contracts Clause of the Constitution, the Court should dismiss the Complaint.

### POINT III

**PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER SECTION 1-207 OF THE UNIFORM COMMERCIAL CODE.**

Plaintiffs seem to be alleging that they have an absolute right to insert into any contract the language "All rights reserved" based on § 1-207 (now § 1-308 but collectively referred to herein as "§ 1-207") of the Uniform Commercial Code ("UCC").[1]  For a number of reasons, this assertion is simply wrong.

As an initial matter, the UCC does not apply to security interests in real estate.  *See* U.C.C. § 9-109(d)(11) ("This article does not apply to . . .(11) the creation or transfer of an interest in or lien on real property, including a lease or rents thereunder . . ."). The transaction here involved the execution of a note by Plaintiffs in favor of AIG.  The note was secured by a mortgage on real property

---

[1] The Official Comments to this section explain that § 1-308 replaced § 1-207 and that § 1-308 is "identical to former Section 1-207."  New York's version of this provision remains codified under § 1-207. N.Y. UNIFORM COMMERCIAL CODE LAW § 1-207 (McKinney 1997).

9

owned by the Plaintiffs. Thus, the transaction was not one governed by the UCC. For this reason alone, the claim should be dismissed.

Moreover, even if Plaintiffs could somehow show that the provision can apply to the transaction here, § 1-207 does not create an absolute right to require a party to accept modifications to a contract. Section 1-207, entitled "Performance or Acceptance Under Reservation of Rights," states:

> A party that with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice,' 'under protest,' or the like are sufficient.

U.C.C. § 1-308 (2005). A precursor to invoking § 1-207 is the existence of a dispute over the terms of the contract before performance. U.C.C. § 1-308 cmt. 2 (2005).

Section 1-207 was intended to provide "machinery for the continuation of performance along the lines contemplated by the contract despite a pending dispute, by adopting the mercantile device of going ahead with delivery, acceptance, or payment 'without prejudice,' 'under protest,' 'under reserve,' 'with reservation of all our rights,' and the like." U.C.C. §

10

1-308 cmt. 1 (2005). The function of § 1-207 is to encourage a party to attempt to resolve the problem rather than terminate the contract altogether. *Canusa Corp. v. A & R Lobosco Inc.*, 986 F. Supp. 723, 731 (E.D.N.Y 1997). However, New York law limits the application of § 1-207 to pending disputes over *delivery, acceptance* or *payment* for goods covered by the UCC. *Century 21 Kaaterskill Realty v. Savino Grasso*, 508 N.Y.S.2d 99, 100 (N.Y. App. Div. 1986).

Section 1-207 is thus only appropriate in situations where a party involved in a **Code-covered transaction** seeks to "accept whatever he can get by way of payment, performance, etc., without losing his rights to demand the remainder of the goods, to set off a failure of quality, or to sue for the balance of the payment, so long as he explicitly reserves his rights." N.Y. UNIFORM COMMERCIAL CODE LAW § 1-207, N.Y. Annot. (McKinney 1997); *Ayer v. Sky Club, Inc.*, 418 N.Y.S.2d 57, 58 (N.Y. App. Div. 1979). It is simply not applicable here.

Furthermore, damages under § 1-207 are limited to the value of the contract itself. Section 1-207 entitles a deserving party to the full benefit of the contract, not damages beyond the face value of the contract. *See, e.g., Kroulee Corp.v. A. Klein & Co.*, 426 N.Y.S.2d 206, 208 (N.Y. Sp. Term Queens 1980) (request for punitive damages denied);

11

*Century 21 Kaaterskill Realty*, 508 N.Y.S.2d at 100. Thus, Plaintiffs' claims for damages for pain and suffering are legally insufficient.

### POINT IV

**PLAINTIFFS ARE NOT LEGALLY ENTITLED TO PAIN AND SUFFERING DAMAGES FOR THE CLAIMS THEY HAVE ASSERTED.**

Plaintiffs have failed to state a claim for pain and suffering damages. Under New York law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law. *Scott v. Keycorp.*, 669 N.Y.S.2d 76, 79 (N.Y. App. Div. 1998) (citations omitted). To establish an independent basis for recovery against a bank in a loan transaction, a plaintiff must show "either a duty or special relationship with [the bank] distinguishable from the contract itself." *Id.* (citation omitted).

In this matter, the parties' relationship is purely contractual based on a promissory note and mortgage. *See* Complaint, ¶ 4. All of the obligations between the parties were created by those contracts. Plaintiffs have not alleged the existence of any duty or special relationship between AIG and themselves.

12

Plaintiffs certainly failed to allege any tort cause of action that would support a damage award for pain and suffering. Instead, Plaintiffs contend only that AIG infringed on their rights under the UCC and the United States Constitution. Even if those claims were viable, neither cause of action would entitle Plaintiffs to the damages they seek.

### CONCLUSION

For all of the foregoing reasons, Plaintiffs have failed to state any valid claim for relief against AIG. Accordingly, AIG respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice.

> PITNEY HARDIN LLP
> Attorneys for Defendant
> AIG Federal Savings Bank
>
> By: _____
> MARC A MEYER (MM4928)
> For the Firm

Of counsel: Joy Harmon Sperling

DATED: July 26, 2005

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------
JAMES S. HAWKINS-EL III and          Civil Action No. CV-05-3222
VALERIE GASTON,                      (LB)(DLI)

              Plaintiffs,            AFFIRMATION OF SERVICE
v.

AIG FEDERAL SAVINGS BANK,

              Defendant.
---------------------------------
```

I, Marc A. Meyer, declare under penalty of perjury that I have served a copy of the attached Notice of Motion, Memorandum of Law and supporting documentation upon plaintiffs, James S. Hawkins-El III and Valerie Gaston, by sending the same via United Parcel Service, from Morristown, New Jersey to:

> James S. Hawkins-El III and Valerie Gaston
> Pro Se Plaintiffs
> 159 Bch 97th Street
> Rockaway Beach, New York 11693

> PITNEY HARDIN LLP
> Attorneys for Defendant
> AIG Federal Savings Bank

> By: _____
> Marc A. Meyer
> For the Firm

Dated:   New York, New York
         July 26, 2005