UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JAMES S. HAWKINS-EL III and  :
VALERIE GATSON, pro se,  :
                         :
        Plaintiffs,  :    **ORDER ADOPTING**
                           :    **REPORT & RECOMMENDATION**
                           :    **05 CV 3222 (DLI)(LB)**
    -against-  :
                         :
AIG SAVINGS BANK,  :
                         :
        Defendant.  :
--------------------------------------------------------X
**DORA L. IRIZARRY, U.S. Distrtict Judge**

      Pro se plaintiffs, James S. Hawkins-El III and Valerie Gaston, bring this diversity action alleging that defendant, AIG Federal Savings Bank ("AIG"), "duped" them into signing loan documents "under pretense." Defendant moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). By order dated August 3, 2005, this court referred the motion to U.S. Magistrate Judge Lois Bloom who issued a Report and Recommendation ("R&R"), dated March 21, 2006, recommending dismissal of this action.[1] Plaintiffs objected. For the reasons set forth below, Judge Bloom's R&R is adopted and defendant's motion to dismiss is granted in its entirety.

**Background**

      This case stems from a mortgage refinancing agreement between the parties. The dispute centers around plaintiffs' attempt to add "All Rights Reserved" ("Mark") to their endorsement on the promissory note. Defendant's closing agent refused to accept such a Mark on the closing documents and threatened to pull out of the closing. Plaintiffs, "after going back and forth for some time in a very heated and high tensioned argument with the defendant's agent, Corey M. Gindi,

---

[1] Familiarity with J. Bloom's R&R is assumed.

finally acquiesced." (Compl. ¶ 10.) Plaintiffs argue that defendant's agent was without authority to prevent them from endorsing the promissory note with the Mark and were misled by defendant's agent about their ability to do so. Claiming that their unspecified rights have been "infringed upon," plaintiffs seek six million dollars in damages. (Compl. ¶¶ 4-5, 10, 25-26.)

Liberally construing plaintiffs' complaint, Judge Bloom inferred three causes of action: (1) a New York State claim for fraudulent inducement; (2) a claim for a violation of the Contracts Clause of the U.S. Constitution; and (3) a violation of Uniform Commercial Code § 1-207. After careful consideration of each of these claims, Judge Bloom concluded that none of them was viable and recommended dismissal of the action.

Rather than specifically object to the R&R, plaintiffs state:

Plaintiffs ABSOLUTELY did not bring the action for the above stated reasons, and if the Lawful Court has some how 'construed' the Plaintiffs to have been bringing the action for the above stated reasons, they are totally wrong and have misconstrued the intent of the Plaintiffs in this matter.
Plaintiffs clearly state that the complaint was brought because, Plaintiffs were duped by AIG FSB agents into signing the loan under pretense.

(Pl.'s Notice of Objection at 1.)

Even liberally construing this statement as a specific objection to M.J. Bloom's R & R in light of plaintiffs' pro se status, a *de novo* review warrants adoption of the R & R.[2]

### Discussion

As a preliminary matter, M.J. Bloom questioned the court's subject matter jurisdiction but elected to address the merits of plaintiffs' claims nonetheless.

---

[2] "It is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (*quoting Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996)).

2

In their complaint, plaintiffs allege that they reside in New York and that AIG is a Delaware corporation. They also state that the alleged injury occurred in New York and claim that the amount in controversy is six million dollars. (Compl. ¶¶ 1–4, 26.) On this basis, plaintiffs invoke the district court's diversity jurisdiction under 28 U.S.C. § 1332. Defendant does not challenge plaintiffs' contention that AIG is a Delaware corporation. Thus, the court assumes that complete diversity exists. However, defendant does challenge plaintiffs' claim that the amount in controversy exceeds seventy-five thousand dollars. (Deft.'s Mem. of Law at 15.) Because federal diversity jurisdiction is not "lost by post-filing events that change or disturb the state of affairs on which diversity was properly laid at the outset," *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs.*, 166 F.3d 59, 62 (2d Cir. 1999), the court accepts plaintiffs' contention that the amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

*Fraudulent Inducement*

After delineating the elements of a claim for fraudulent inducement, M.J. Bloom found that plaintiffs' claim failed for two reasons: (1) the claim failed to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b)(1); and (2) under New York law, the false representation allegedly made by defendant's closing agent was not material. (R&R at 7–8.)

Pursuant to Fed. R. Civ. P. 9(b), a complaint that includes a claim of fraud, must specify, *inter alia*, "why the statements were fraudulent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Plaintiffs here insist that defendant's agent misrepresented that plaintiffs were prohibited from adding the Mark to their endorsement on the loan agreement. As proof of this alleged misrepresentation, plaintiffs point to the AIG closing instructions which were not attached

3

to the complaint.[3] These instructions state, in relevant part, that "[e]ach borrower must sign all documents EXACTLY AS THEIR NAME IS TYPED ON THE DOCUMENT." (Pls.' Notice of Objection, Ex. A.) A plain reading of this instruction supports the defendant's contention that the Mark plaintiffs sought to add was superfluous and violative of this closing instruction. Thus, plaintiffs have failed to show that defendant's agent made a fraudulent statement and thereby have failed to satisfy Fed. R. Civ. P. 9(b)'s heightened pleading requirements. Accordingly, M.J. Bloom's recommendation to dismiss this claim is adopted and the court need proceed no further with respect to this claim.

*Contracts Clause*

Based on plaintiffs' reference to the U.S. Constitution in their complaint, specifically that plaintiffs believed that defendant's agent was "Impairing the Obligation of Contract," M.J. Bloom inferred that plaintiffs were asserting a claim that defendant violated their constitutional right to freely contract. (Compl. ¶¶ 7–8.)

As M.J. Bloom correctly notes, the U.S. Constitution regulates "the conduct of the State, not private companies such as AIG." (R&R at 9.) "[S]tate action requires both an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' and that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Flagg v. Yonkers Sav. and Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005) (*quoting Am. Mfrs. Mut. Ins.*

---

[3] "[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." *Holowecki v. Federal Exp. Corp.*, 440 F.3d 558, 565 (2d Cir. 2006) (*citing Int'l Audiotext Network, Inc. V. Am. Tel. & Tel. Col* 62 F.3d 69, 72 (2d Cir. 1995)).

4

*Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999)). The court adopts M.J. Bloom's recommendation that this claim be dismissed because plaintiffs "cannot establish that the defendant's conduct constitutes state action." (R&R at 9.)

*New York Uniform Commercial Code § 1-207 ("U.C.C. § 1–207")*

Based upon plaintiffs citation to U.C.C. § 1–207 in paragraph 7 of the complaint, M.J. Bloom inferred a cause of action under this provision. That section provides:

> A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice", "under protest" or the like are sufficient.

U.C.C. 1–207.

Article 9 of the U.C.C. applies to secured transactions such as the one at issue here. However, U.C.C. § 9–109(d)(11) explicitly exempts, in relevant part, the "creation or transfer of an interest in or lien on real property." Because the U.C.C. is inapplicable to transactions secured by real property, M.J. Bloom's recommendation that this claim be dismissed is hereby adopted.

## Conclusion

Magistrate Judge Bloom's R&R is adopted in its entirety. Defendant's motion to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) is granted. In light of the instant decision, plaintiffs' motion for summary judgment, filed March 21, 2006, is denied as moot.[4] The Clerk of the Court is directed to close the file maintained in this matter and to enter judgment for the

---

[4] Plaintiffs' motion for summary judgment essentially restates plaintiffs' objections to M.J. Bloom's R & R. *See* Docket at 21.

defendant.


DATED: Brooklyn, New York
July 13, 2006

/s/
DORA L. IRIZARRY
United States District Judge