UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

JAMES S. HAWKINS-EL and
VALERIE GASTON,                           **REPORT & RECOMMENDATION**
                                                     05 CV 3222(DLI)(LB)
                               Plaintiffs,       07 CV 1274 (DLI)(LB)

-against-

AIG FEDERAL SAVINGS BANK,

                               Defendant.

-----------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

Defendant, AIG Federal Savings Bank ("AIG"), renews its motion for sanctions pursuant to Fed. R. Civ. P. 11. The Honorable Dora L. Irizarry referred defendant's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons stated below, it is respectfully recommended that defendant's motion for $40,807.25 in sanctions for defendant's attorney's fees and costs should be denied. However, the Court further recommends that plaintiffs should be enjoined from filing any further action, pleading, amended pleading, motion or appeal against AIG without prior leave of the Court.[1]

## BACKGROUND

On July 6, 2005, plaintiffs, James S. Hawkins-El and Valerie Gaston, filed their complaint in <u>Hawkins-El v. AIG Federal Savings Bank</u>, No. 05 Civ. 3222 (DLI)(LB). By Order dated July 13, 2006, the Court adopted my March 21, 2006 Report and Recommendation

---

[1] On January 25, 2010, James Hawkins-El filed an "Affidavit" which the Court construes, in an abundance of caution, as a motion to recuse under 28 U.S.C. §455. Plaintiff's disagreement with any decision made by this Court is not a basis for recusal. As plaintiff fails to demonstrate bias, his motion for recusal is denied as without basis. See <u>In re Literary Works in Elec. Databases Copyright Litig.</u>, 509 F.3d 136, 140 (2d Cir. 2007) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is.")

granting defendant's motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted.[2] Judgment was entered on July 17, 2006. On July 27, 2006, plaintiffs appealed the Court's judgment to the United States Court of Appeals, Second Circuit. The Second Circuit affirmed the judgment of the Court. Hawkins-El v. AIG Federal Savings Bank, No. 06-3534-cv, 2007 WL 642952, 1 (2d Cir. February 27, 2007).

On March 27, 2007, plaintiffs filed a complaint in Hawkins-El v. AIG Federal Savings Bank, No. 07 Civ. 1274 (DLI)(LB), which the Court found to be "exactly the same" as the complaint filed in Hawkins-El v. AIG Federal Savings Bank, No. 05 Civ. 3222 (DLI)(LB). The Court dismissed the complaint as frivolous and barred by *res judicata*.[3] On May 14, 2007, plaintiffs appealed the Court's decision to the Second Circuit.

While plaintiffs' appeal was pending, defendant moved on July 3, 2007, pursuant to Fed. R. Civ. P. 11, for sanctions against plaintiffs for filing a frivolous action. The Court denied defendant's motion for sanctions without prejudice but warned and enjoined plaintiffs from filing another suit in federal court based on the "same facts and causes of action" articulated in their complaints filed under Nos. 05 Civ. 3222 and 07 Civ. 1274. The Court warned plaintiffs that their failure to "adhere to [the Court's] prohibition will result in the imposition of sanctions pursuant to Fed. R. Civ. P. 11." The Court further stated that "if plaintiffs persist in pursuing their appeal and the [Second] Circuit affirms this Court's April 24, 2007 decision, finding plaintiffs' appeal frivolous," this Court or the Second Circuit may issue sanctions. The Second Circuit affirmed the judgment of the Court dismissing plaintiffs' second action. Hawkins-El v. AIG Federal Savings Bank, 334 Fed.Appx. 394 (2d Cir. June 18, 2009).

---

[2] The Court assumes familiarity with the underlying facts of this case as set forth in the March 21, 2006 Report and Recommendation.

[3] Plaintiffs paid the requisite filing fee to commence the actions in Hawkins-El v. AIG Federal Savings Bank, No. 05 Civ. 3222(DLI)(LB) and Hawkins-El v. AIG Federal Savings Bank, No. 07 Civ. 1274 (DLI)(LB).

On August 5, 2009, defendant renewed its motion asking the Court to impose sanctions on plaintiffs, pursuant to Fed. R. Civ. P. 11. Plaintiff Hawkins-El opposed the motion, stating that "plaintiffs" have not started a "new action" but have amended the original complaint and re-filed it.[4] Defendant replied to Mr. Hawkins-El's opposition stating that plaintiffs filed a petition for panel rehearing with the Second Circuit, which was denied by the Circuit on August 25, 2009. On October 19, 2009, Mr. Hawkins-El responded to defendant's letter by reiterating that "plaintiffs" did not commence "another suit" but "have in good faith endeavored to present and prosecute [their] claim of fraudulent inducement."[5]

On September 21, 2009, plaintiffs filed an amended complaint in Hawkins-El v. AIG Federal Savings Bank, No. 05 Civ. 3222(DLI)(LB). By endorsed Order, dated September 22, 2009, I stated "plaintiff's case was dismissed and judgment was entered on July 17, 2006. No action shall be taken on this amended complaint." On October 13, 2009, plaintiff appealed my September 22, 2009 Order.

## DISCUSSION

"Rule 11 applies to both attorneys and pro se litigants in guarding against frivolous, vexatious, or scurrilous lawsuits." Murawski v. Pataki, 514 F.Supp.2d 577, 590 (S.D.N.Y. 2007) (citing Maduakolam v. Columbia University, 866 F.2d 53, 56 (2d Cir. 1989)). "The fact that a litigant appears pro se does not shield him from Rule 11 sanctions because one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse

---

[4] Plaintiffs' objection to defendant's motion for sanctions states "we affirm and say that we object," but the Court notes the objection is only signed by Mr. Hawkins-El.

[5] During a Court conference in front of the Hon. Dora Irizarry, Mr. Hawkins-El stated, "Based on my understanding of court procedure, I was – I had the ability to repair and amend my complaint to meet the specification of the Court. I did so in good faith. I wouldn't have paid the fee to come in here and waste the Court's time." (Tr. 17:1-5, October 26, 2007; Notice of Renewed Motion at Exhibit B.)

3

already overloaded court dockets." Malley v. New York City Bd. of Educ., 207 F.Supp.2d 256, 258 (S.D.N.Y. 2002) (internal quotation marks and citations omitted); see Ginther v. Provident Life and Cas. Ins. Co., No. 07-1736-cv, 2009 WL 3424217, 2 (2d Cir. 2009) (district court did not abuse its discretion in imposing Rule 11 sanctions against a pro se litigant who submitted a pleading "to harass, cause unnecessary delay, or needlessly increase the cost of litigation" (citing Fed.R.Civ.P. 11(b)(1))). However, the decision to impose Rule 11 sanctions rests in the sound discretion of the court and should be imposed with caution. Murawski, 514 F.Supp.2d at 590 (citing Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004); Knipe v. Skinner, 19 F.3d 72, 78 (2d Cir. 1994)); see Newman and Cahn, LLP. v. Sharp, 388 F.Supp.2d 115, 119 (E.D.N.Y. 2005) ("Courts impose Rule 11 sanctions with discretion and caution.") (citations omitted.) Furthermore, sanctions imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Lipin v. Hunt, 573 F.Supp.2d 836, 843 (S.D.N.Y. 2008) (citing Fed. R. Civ. P. 11(c)(4)).

Plaintiffs were explicitly warned that filing another suit in federal court based on the "same facts and causes of action" as those set forth in their complaints filed under Nos. 05 Civ. 3222 and 07 Civ. 1274 "will result in the imposition of sanctions pursuant to Fed. R. Civ. P. 11." Plaintiffs have failed to heed the Court's prior warning. See In re Valle, No. 09 MC 831 (DGT), 2010 WL 231339, 1 (E.D.N.Y. January 15, 2010) ("[B]efore sanctions are imposed, a pro se litigant must be 'adequately warned of the consequences which may result from this behavior.'")(internal citations omitted). Mr. Hawkins-El's letter stating plaintiffs did not commence another suit is not credible. However, the Court does not believe that defendant's instant request for money sanctions is the answer here. Plaintiffs should instead be enjoined from *any* further action, pleading, amended pleading, motion or appeal against AIG without prior

4

leave of Court.[6] See Lipin, 573 F.Supp.2d at 846 ("the principal objective of the imposition of Rule 11 sanctions is not compensation of the victimized party but rather the deterrence of baseless filings and the curbing of abuses." (quoting Caisse Nationale de Credit Agricole-CNCA, New York Branch v. Valcorp, Inc., 28 F.3d 259, 266 (2d Cir. 1994))); see also Lau v. Meddaugh, 229 F.3d 1135 (2d Cir. 2000) (injunction may be entered barring plaintiff from filing any matter without leave of the Court); Manwani v. Brunelle, 99 F.3d 400, 1995 WL 732686, 2 (2d. Cir. 1995) (given the pro se litigant's history of frivolous and vexatious litigation, the district court did not abuse its discretion in dismissing the lawsuit, awarding sanctions for attorneys fees and costs, and in restricting the litigant's future access to the courts regarding this matter); Lee v. Lending Tree, 473 F.Supp.2d 435, 436 (S.D.N.Y. 2007) (Plaintiffs who fail to comply with Rule 11's requirements by filing frivolous or unsubstantiated claims are subject to both monetary and non-monetary sanctions (citing In re Martin-Trigona, 795 F.2d 9, 12 (2d Cir. 1986))).

Even if plaintiffs believe they did not commence "another suit" but "have in good faith endeavored to present and prosecute [their] claim of fraudulent inducement," by pursuing the same claims that have twice been dismissed against AIG, and disregarding the Court's warning they are now clearly filing meritless and abusive litigation. This Court finds that enjoining plaintiffs from filing any further action, pleading, amended pleading, motion or appeal against AIG is the best means of deterring further litigation abuse. Lipin, 573 F.Supp.2d at 844-4 ("It is beyond peradventure that a district court possesses the authority to enjoin a [pro se] litigant from further vexatious litigation" and "a court's special solicitude towards pro se litigants does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights.") (internal quotations, parenthesis and citations omitted.)

---

[6] This warning does not preclude plaintiffs from filing timely objections to this Report and Recommendation.

The Court further recommends that should this Report and Recommendation be adopted, and plaintiffs persist in filing against AIG, that the Court should enjoin plaintiffs from filing **any claim** against **any defendant** without leave of Court.

## CONCLUSION

Accordingly, defendant's motion for $40,807.25 in sanctions should be denied without prejudice and plaintiffs should be enjoined from filing any further action, pleading, amended pleading, motion or appeal against AIG without prior leave of the Court.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

/Signed by Judge Lois Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: February 22, 2010
      Brooklyn, New York