UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JAMES S. HAWKINS-EL and :
VALERIE GASTON, *pro se*, :
 : **SUMMARY ORDER ADOPTING**
 Plaintiffs, : **REPORT & RECOMMENDATION**
 :
 -against- : 05-CV-3222 (DLI) (LB)
 : 07-CV-1274 (DLI) (LB)
AIG FEDERAL SAVINGS BANK, :
 :
 Defendant. :
------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Familiarity with the background of these actions (Docket Nos. 05-cv-3222 & 07-cv-1274) is presumed for purposes of this Summary Order. On August 5, 2009, defendant AIG Federal Savings Bank ("AIG") renewed its motion for sanctions pursuant to Federal Rule of Civil Procedure 11. The court referred the motions to the Honorable Lois Bloom, U.S. Magistrate Judge. On February 22, 2010, Judge Bloom issued a Report and Recommendation ("R&R"). (Docket No. 07-cv-1274, Entry No. 44.) While the R&R recommended that the court deny defendant's motion for monetary sanctions, it further recommended that plaintiffs be enjoined from filing any further action, pleading, amended pleading, motion or appeal against AIG without prior leave of the court. On March 2, 2010, plaintiffs raised an objection to the latter recommendation.[1] To date, AIG has not filed an objection to the R&R. For the following reasons, Judge Bloom's R&R is hereby adopted in its entirety.

---

[1] Plaintiffs also raised an "objection" to Judge Bloom's characterization of their January 25, 2009 letter addressed to Chief Judge Raymond J. Dearie as a motion to recuse. Regardless of the characterization of the letter, the issues raised therein provide plaintiffs with no remedy at law, and, thus, requires no further review by this court.

**STANDARD OF REVIEW**

When no objections to an R&R are made, the court may adopt the R&R if "there is no clear error on the face of the record."[2] *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted). When objections are made, a district judge must make a *de novo* determination with respect to those parts of the R&R to which any party objects. The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b); *see also United States v. Raddatz*, 447 U.S. 667, 673-76 (1980). Because plaintiffs are *pro se* litigants, the court interprets their objections to raise the strongest arguments that they suggest. *See Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).

**DISCUSSION**

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000)(internal quotations and citations omitted). "If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005).

On October 26, 2007, the court issued an Order prohibiting plaintiffs from filing another suit based on the same facts and causes of action articulated in their two previous complaints. (Docket No. 07-cv-1274, Entry No. 31.) The plaintiffs were expressly warned that filing such a lawsuit would result in the imposition of sanctions pursuant to Rule 11. On September 21, 2009,

---

[2] As to the portion of the R&R denying monetary sanctions, which has not been objected to, the court finds no clear error and hereby adopts the recommendation.

plaintiffs filed an "amended complaint." (Docket No. 05-cv-3222, Entry No. 33.) According to plaintiffs, this did not constitute a violation of the court's Order because the "amended complaint" does not constitute "another suit." (Docket No. 07-cv-1274, Entry No. 45.) The court recognizes that plaintiffs are proceeding *pro se* and may not have been acting in a deliberate attempt to burden the court. Yet, by continuing to pursue the same claims that have twice been dismissed against AIG, they are now clearly filing meritless and abusive litigation which places a substantial burden on scarce judicial resources and imposes needless expense on AIG. Under these circumstances, enjoining the plaintiffs from filing any further action, pleading, amended pleading, motion or appeal against AIG in the District Court for the Eastern District of New York without prior leave of the court is the best means of deterring further litigation abuse. Accordingly, upon *de novo* review, Judge Bloom's R&R is adopted in its entirety.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that: (1) plaintiffs are enjoined from filing any further action, pleading, amended pleading, motion or appeal against AIG in the District Court for the Eastern District of New York without prior leave of the court; and (2) the Clerk of Court is directed to return to plaintiffs, without filing, any document that is received without an application seeking leave to file. Nothing herein shall be construed to prohibit plaintiffs from filing an appeal of this Summary Order with the Second Circuit Court of Appeals.

SO ORDERED:

DATED:     Brooklyn, New York
             March 29, 2010

                                              /s/
                                       DORA L. IRIZARRY
                                    United States District Judge